# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1229V
Filed: **May 8, 2015**
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| THOMAS THOMPSON, * | |
| * | |
| Petitioner, * | |
| * | Petitioner's Motion to Dismiss; |
| v. * | Insufficient Proof of Causation; |
| * | Vaccine Not on Vaccine Injury Table; |
| SECRETARY OF HEALTH * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian Muller, Esq.*, Muller Brazil, LLP, Philadelphia, PA, for petitioner.
*Debra Begley, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

**Vowell**, Chief Special Master:

On December 22, 2014, Thomas Thompson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that he suffered a shoulder injury or brachial neuritis after receiving the influenza vaccine on February 4, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Petitioner filed his medical records on January 9, 2015 (*see* Petitioner's Exhibits ["Pet. Exs."] 1-3), and an initial status conference call was held on January 26, 2015

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

(*see* Order, issued Jan. 27, 2015, at 1). I ordered respondent to file a status report providing her position regarding petitioner's claim. *Id.*

On March 27, 2015, respondent filed her status report indicating "the records reveal[ed] that petitioner did not receive an influenza vaccination in his left arm as alleged, but rather received an adult pneumonia vaccine in his left arm." Status Report at 1 (citing Pet. Ex. 1, p. 118). Respondent further indicated that the records showed petitioner received the influenza vaccine in his right arm but suffered injury to his left, not right, shoulder. *Id.* Because the adult pneumococcal vaccine is not a covered vaccine,[3] respondent argued "the court has no jurisdiction of any claims of injury associated with this vaccine." Status Report at 1. Respondent added that she "ha[d] discussed these issues with petitioner's counsel and petitioner is currently considering how he would like to proceed." *Id.*

I ordered petitioner to file a status report indicating whether he wished to proceed with his claim or exit the Vaccine Program. Order, issued Mar. 27, 2015, at 1. I instructed him to file additional evidence which supports a finding of jurisdiction if continuing with his claim or the appropriate notice, motion, or stipulation if exiting the program. *Id.*

On May 6, 2015, petitioner filed a motion for a decision dismissing his petition. He agreed that the records indicate he received a vaccine not included on the Vaccine Injury Table (an adult pneumococcal vaccine) in his left arm. Petitioner's Motion at 1. He admitted he "cannot demonstrate by preponderant evidence that his alleged injury was caused by a vaccine contained on the Vaccine Injury Table . . . [and] to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." *Id.* at 2.

Petitioner has failed to demonstrate that his injury was caused by a vaccine listed on the Vaccine Injury Table. **Thus, this case is dismissed for insufficient proof.**

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] *See, e.g.*, *Bundy v. Sec'y, HHS*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014). Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program. *Id.*

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.